UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ANTHONY PARKER | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:13 CV 420 |
| U.G.N. INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court on defendant U.G.N. Inc's ("defendant") motion to dismiss plaintiff Anthony Parker's ("plaintiff") complaint. (DE # 9.) Plaintiff has filed a response (DE ## 15, 16) and defendant has filed a reply (DE # 17). For the following reasons, that motion is granted in part and denied in part.

In his complaint, plaintiff alleges that he was discriminated against due to his race and age while employed by defendant. (DE # 1.) Plaintiff alleges that defendant violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). (DE # 1 at 2.) In its motion to dismiss, defendant argues that plaintiff's federal employment discrimination claims should be dismissed because he did not file this suit within 90 days of receiving his right to sue letter from the EEOC. (DE # 10 at 3.)

"A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses."*Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012). "But when a plaintiff's complaint nonetheless sets out all of the elements of an

affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Id.*; *see also Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010) ("Although the statute of limitations is an affirmative defense to liability and so ordinarily must be pleaded and proved by the defendant, if it is plain from the complaint that the defense is indeed a bar to the suit dismissal is proper without further pleading."). Here, the allegations in plaintiff's complaint do not establish that he failed to timely file his suit, and defendant's motion cannot be granted on this ground. Defendant makes no other argument regarding plaintiff's federal employment discrimination claims, and therefore, defendant's motion to dismiss will be denied as it relates to these claims.

Plaintiff also brings a state law claim against defendant for the denial of unemployment benefits. (DE # 1 at 2.) As defendant points out in its reply brief, however, plaintiff appears to have abandoned this claim. (DE # 17 at 3-4.) In his response brief, plaintiff states that he "[i]s not asking for unemployment benefit [sic] in complaint. The Plaintiff received unemployment benefits on March 2013 [sic]." (DE # 16 at 5.) Thus, defendant's motion to dismiss will be granted to the extent that plaintiff's complaint asserts a claim seeking unemployment benefits under state law.

For the foregoing reasons, defendant's motion to dismiss (DE # 9) is **GRANTED** as it relates to plaintiff's state law claim for unemployment benefits and **DENIED** as it relates to plaintiff's federal employment discrimination claims.

**SO ORDERED.**

Date: August 6, 2014

                                            s/James T. Moody_____
                                            JUDGE JAMES T. MOODY
                                            UNITED STATES DISTRICT COURT