UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ANTHONY PARKER | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:13 CV 420 |
|  | ) |  |
| U.G.N. INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

This matter is before the court on defendant U.G.N. Inc's ("defendant") motion to reconsider the court's denial of its motion to dismiss plaintiff Anthony Parker's ("plaintiff") complaint.[1] (DE # 21.) Plaintiff has not filed a response to defendant's motion to reconsider, and the time to do so has now passed. For the following reasons, defendant's motion is denied. The parties will have thirty days to respond to the court's additional analysis set out in this order.

In his complaint, plaintiff alleges that he was discriminated against due to his race and age while employed by defendant. (DE # 1.) Plaintiff alleges that defendant violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). (DE # 1 at 2.) In its motion to dismiss, defendant argued that plaintiff's federal employment discrimination claims should be dismissed because he

---

[1] The court actually granted defendant's motion in part. (DE # 20.) Defendant only seeks reconsideration of the portion of its order that the court denied. (DE # 21.)

did not file his suit within 90 days of receiving his right-to-sue letter from the EEOC. (DE # 10 at 3.)

In its original order denying defendant's motion to dismiss (DE # 20), the court concluded that plaintiff had not pleaded himself out of court with the allegations in his complaint. Defendant contends, however, that the court may consider plaintiff's right-to-sue letter when making this determination, which was attached to defendant's motion to dismiss. (DE # 21 at 3; DE # 10-1 at 2.)

Defendant is correct that "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (citations and quotations omitted). Defendant argues that the court should consider plaintiff's right-to-sue letter because it is central to plaintiff's claims and because plaintiff's complaint makes "repeated references" to the right-to-sue letter. (DE # 21 at 5.) The problem with this argument is that, as best the court can tell, plaintiff does not reference his right-to-sue letter even once in either his complaint (DE # 1) or the document amending a portion of his complaint (DE # 7). And these documents certainly do not make "repeated references" to the right-to-sue letter.[2]

---

[2] The only mention of the right-to-sue letter in plaintiff's complaint is the portion of the standard employment discrimination complaint form that asks when plaintiff received his right-to-sue letter. (DE # 1 at 2.) Plaintiff did not fill out that portion of his complaint.

Thus, it would be improper for the court to consider plaintiff's right-to-sue letter in addressing defendant's motion to dismiss. Defendant's argument on this point therefore fails.

In its motion to reconsider, defendant goes on to argue that plaintiff's admissions in his response brief that his right-to-sue letter was issued on June 13, 2012 (DE # 15 at 1) and that 90 days had expired since plaintiff's right-to-sue letter was issued (*id.* at 2) should result in the dismissal of plaintiff's federal employment discrimination claims. (DE # 22 at 7.) Despite these admissions, however, without the actual right-to-sue letter which indicates the address to which the letter was sent, the court cannot presume timely delivery of the right-to-sue letter. Therefore, defendant's motion to reconsider will be denied. (DE # 21.)

The court can, however, move for summary judgment sua sponte "if [it has] given the affected parties advance notice of their intent to do so and a fair opportunity to respond with argument and evidence." *Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012). The court intends to do so here.

I.  **Legal Standard**

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S.

317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex,* 477 U.S. at 323). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at

4

255). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966, 968 (7th Cir. 1998); *Doe,* 42 F.3d at 443. Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

II. Analysis

Plaintiffs filing suit under Title VII and the ADEA must do so within 90 days of receiving their right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). Plaintiff's right-to-sue letter was issued on June 13, 2012. (DE # 10-1 at 2.) The 90-day statute of limitations began to run when plaintiff actually received the right-to-sue letter. *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009) ("[T]he limitations period in both Title VII and the ADEA begins to run, as we said, when the claimant *receives* the letter, not when it was sent . . . ." (emphasis in original)). It is unclear from plaintiff's complaint and response brief when he actually received his right-to-sue letter.

"The law presumes timely delivery of a properly addressed piece of mail." *Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001). When the date of delivery is unknown, courts usually presume delivery three to seven days after the right-to-sue letter is mailed:

5

> Court's have presumed that a plaintiff receives an EEOC notice somewhere between three and seven days after its mailing date. *See, e.g., Payan v. Aramark Mgmt. Servs. Ltd. P'ship,* 495 F.3d 1119, 1123–1125 (9th Cir. 2007) (presuming EEOC notice received three days after mailing date); *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002) ("When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.") (citing *Lozano v. Ashcroft,* 258 F.3d 1160, 1164 (10th Cir. 2001); *Banks v. Rockwell Intern. N. Am. Aircraft Operations,* 855 F.2d 324, 326 (6th Cir. 1988) (applying a five-day presumption of receipt of a right-to-sue letter); *see also Baldwin Cnty.,* 466 U.S. at 148 n. 1 (1984) (presuming the plaintiff received a right-to-sue letter three days after delivery based upon Fed.R.Civ.P. 6(2)); *see also Lloyd v. Sullivan,* 882 F.2d 218 (7th Cir. 1989) (in an appeal from Social Security Administration determination, finding that "unless proven otherwise, the receipt date is presumed to be five days from the mailing date"); *Jackson v. F.B.I.,* No. 02 C 3957, 2007 WL 2492069, at *5 (N.D. Ill. Aug. 28, 2007) (citing *Lloyd's* five day presumption in EEOC context with respect to a Title VII claim); *Moss–Muchanan v. City of Chicago,* No. 03 C 0999, 2005 WL 78953, at *3 n.2 (N.D. Ill. Jan. 15, 2005) (same).

*McGill v. MacNeal Vansguard Health Systems*, No. 12 C 9558, 2012 WL 6727351, at *3 (N.D. Ill. Dec. 28, 2012).

The right-to-sue letter (DE # 10-1 at 2) in this case was addressed to the same address plaintiff used on his complaint in this case (DE # 1 at 1), his document amending a portion of the complaint (DE # 7 at 2), and his most recent filing (DE # 24). Thus, the right-to-sue letter was properly addressed, and the court will therefore presume that plaintiff timely received his right-to-sue letter. As the court noted earlier, plaintiff's right-to-sue letter is dated June 13, 2012. (DE # 10-1 at 2.) Plaintiff filed his complaint in this case on November 18, 2013. (*See* DE # 1.) Plaintiff, therefore, filed his

complaint in this case well over the 90 days allowed for filing a Title VII or ADEA claim after receiving a right-to-sue letter.

In his response to defendant's original motion to dismiss, plaintiff concedes that his 90 days had expired after receiving his right-to-sue letter. (DE # 15 at 2); *see also* (DE # 16 at 1 ("The 90 days expired for using the right-to-sue letter from [the] EEOC.").) Plaintiff, however, goes on to make several additional arguments in his response brief as to why his case should not be dismissed.[3]

First, plaintiff argues that the 90-day period in which to file his discrimination suit did not begin to run until defendant committed its last violation against him, which plaintiff asserts was sometime in late December 2012 or March 2013. (DE # 16 at 2.) Even assuming, for the sake of argument, that the events of December 2012 and March 2013 somehow tolled or restarted the statute of limitations clock, plaintiff's suit, which

---

[3] It is not entirely clear whether plaintiff is arguing that his federal employment discrimination claims are timely or whether a related state claim is timely. The court will assume that these arguments apply to plaintiff's federal employment discrimination claims, and will address plaintiff's arguments regarding his state claim later in this opinion.

was filed in November 2013, would still have been filed well beyond the 90 days allowed under Title VII and the ADEA. *Houston*, 185 F.3d at 838-39.[4]

Plaintiff also appears to be arguing that his suit is timely because Indiana Code § 34-11-2-1 states: "An action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of." Plaintiff therefore argues that his complaint was timely because he filed it within two years of the relevant employment actions in this case. (DE # 16 at 2.)

Indiana Code § 34-11-2-1 provides the statute of limitations for a claim under Indiana law for actions relating to employment other than actions based on a written contracts. It does not provide the statute of limitations for federal employment discrimination claims, including the ADEA and Title VII. As the court noted earlier, a plaintiff filing suit under either Title VII or the ADA must bring that claim within 90

---

[4] In line with this argument, plaintiff also mentions tolling, and appears to be making an equitable tolling argument. (DE # 16 at 1-2.) "Equitable tolling . . . is reserved for situations in which the claimant has made a good faith error ( e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A.*, Inc., 269 F.3d 848, 850 (7th Cir. 2001) (citations and quotations omitted). Courts have also "allowed equitable tolling where the claimant has *actively* pursued his judicial remedies . . . or has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (emphasis in original) (citations and quotations omitted). There is nothing in this case to support a claim for equitable tolling.

8

days of receiving their right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e); *Houston*, 185 F.3d at 838-39. Plaintiff did not file suit on either his ADEA or his Title VII claim within 90 days of receiving his right-to-sue letter. Plaintiff recognizes this fact in his response brief. (DE # 16 at 1.)

Plaintiff also argues that his employment discrimination claims were timely filed under FEDERAL RULE OF CIVIL PROCEDURE 60(b) because he obtained new evidence after he filed his EEOC charge but before he filed this suit, and argues that this constitutes newly discovered evidence. (DE # 15 at 2-3.) RULE 60(b) does not apply here because RULE 60(b) only applies to "final orders and final proceedings." *McCormick v. City of Chicago*, 230 F.3d 319, 326 n.6 (7th Cir. 2000); *see also Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 343 (7th Cir. 2004). RULE 60(b) has no application in this case, as there has been no final order. Plaintiff's argument therefore fails.

Plaintiff further argues that his employment discrimination claims are timely under *Grayson v. O'Neill*, 308 F.3d 808 (7th Cir. 2002), because, according to plaintiff, the court in *Grayson* ruled on plaintiff's discrimination claims despite suit being brought outside of the 90-day window. (DE # 16 at 6.) As defendant correctly points out in its reply brief (DE # 17 at -2-3), however, the *Grayson* court affirmed the district court's dismissal of the plaintiff's retaliation claims, which were associated with plaintiff's first right-to-sue letter, and reached the merits of plaintiff's discrimination claims, which were associated with a second right-to-sue letter. 308 F.3d at 814, 817-18. The plaintiff in *Grayson* brought suit within 90 days of receiving the second right-to-sue letter, but not

9

within 90 days of receiving the first right-to-sue letter. *Id.* at 814. The *Grayson* plaintiff's retaliation claims, which were not filed within 90 days of receiving the first right-to-sue letter, were therefore not timely filed. *Id.* Plaintiff's argument on this point therefore fails.

Thus, the court believes plaintiff's federal employment discrimination claims are untimely, and that defendant is entitled to summary judgment on those claims. The court, however, will give the parties 30 days in which to respond to the analysis set forth in this opinion. The parties are encouraged to submit any argument or evidence that they believe is relevant to the court's analysis on the issue of whether plaintiff's federal employment discrimination claims are untimely. If neither party submits any argument or evidence relevant to the court's analysis on the untimeliness of plaintiff's federal employment discrimination claims within 30 days, the court will enter summary judgment in favor of defendant on those claims.

Plaintiff also appears to be alleging a claim for wrongful termination under Indiana Code § 34-11-2-1. (DE # 16 at 2.) The court has jurisdiction over this case because plaintiff's suit alleges violations of federal employment law.[5] *See* 28 U.S.C. § 1331; (DE # 1-2 at 1). Under 28 U.S.C. § 1367, when a district court has original jurisdiction over a civil action, the district court "shall have supplemental jurisdiction

---

[5] The court still has jurisdiction over this case even if plaintiff's discrimination claims were not timely filed. *See St. Louis v. Alverno College*, 744 F.2d 1314, 1316 n.2 (7th Cir. 1984); *see also Mitchell v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003) ("It is well-settled that the ninety day right-to-sue provision is an administrative condition precedent, rather than a jurisdictional prerequisite.")

over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A district court "has supplemental jurisdiction over [a plaintiff's state law claims] pursuant to 28 U.S.C. § 1367(a) so long as they 'derive from a common nucleus of operative fact' with the original federal claims." *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (quoting *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 500 (7th Cir. 1999)); *see also Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins*, 549 F.3d at 495.

In this case, plaintiff's Indiana wrongful termination claim arises out of the same case and controversy as his federal employment discrimination claims. Therefore, the court has supplemental jurisdiction over that claim. But, as the court mentioned earlier, it believes that defendants are entitled to judgment on plaintiff's federal employment discrimination claims. If, as the court anticipates, it enters summary judgment on plaintiff's federal employment discrimination claims, it will also likely relinquish jurisdiction over plaintiff's Indiana wrongful termination claim, unless there is another valid basis for subject matter jurisdiction in federal court.

Principles of comity encourage the court to relinquish supplemental jurisdiction over state law claims when all of the federal claims are disposed of prior to trial. *See Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.,* 551 F.3d 599, 608 (7th Cir. 2008); *Groce,* 193 F.3d at 501 ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal

claims have been dismissed prior to trial."); 28 U.S.C. § 1367(c)(3). Plaintiff would not be prejudiced by the dismissal of his state law claim because he may refile the case in state court as appropriate under Indiana's savings statute, Ind. Code § 34–11–8–1, and the tolling provision of 28 U.S.C. § 1367(d).

Despite checking the box indicating that this court's subject matter jurisdiction was based on federal question jurisdiction on his Civil Cover Sheet (DE # 1-2 at 1), plaintiff indicated in his complaint that the court also has diversity jurisdiction in this case. (DE # 1-1 at 1.) In his complaint, plaintiff asserts that he is a citizen of the state of Indiana, but does not put forth any allegations regarding defendant's citizenship. (*Id.*) In its reply brief, defendant contends that there is no diversity jurisdiction in this case because plaintiff and defendant are citizens of the same state. (DE # 17 at 4); *See also Wei Zhou v. Marquette University*, 444 F. App'x 896, 897 (7th Cir. 2008) ("With respect to the diversity jurisdiction, federal courts may not exercise jurisdiction on this basis when both the plaintiff and the defendant are citizens of the same state.").

"[P]arties invoking the diversity jurisdiction in cases where a corporation is a party must allege the corporation's state of incorporation and state of its principal place of business . . . ." *Igbinovia v. Indiana Dabney University*, No. 14 C 5567, 2014 WL 4099743, at *1 (N.D. Ill. Aug. 20, 2014); *see also* 28 U.S.C. § 1332(c)(1); *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). Because plaintiff has failed to allege defendant's state

of incorporation and its principal place of business, the court cannot determine whether it has diversity jurisdiction over plaintiff's remaining state law claim.

Plaintiff, therefore, is **ORDERED** to file an amended complaint alleging diversity jurisdiction, if such jurisdiction exists in this case, within 30 days of the date of this order. If plaintiff does not file an amended complaint alleging proper diversity jurisdiction or files an amended complaint that does not allege that the court has diversity jurisdiction within 30 days of the date of this order, the court will dismiss this case pursuant to 28 U.S.C. § 1367(c)(3).[6]

**III. Conclusion**

For the foregoing reasons, the court

(1) **DENIES** defendant's motion to reconsider the court's denial of its motion dismiss plaintiff Anthony Parker's ("plaintiff") complaint. (DE # 21.)

(2) **GRANTS** the parties thirty days from the date of this order in which to file any argument or evidence that they believe is relevant to the court's analysis explaining why the court believes defendant is entitled to summary judgement on plaintiff's federal employment discrimination claims. If neither party files anything in response to the court's analysis on this issue within those 30 days, the court will grant summary judgment in defendant's favor on those claims.

---

[6] This assumes, of course, that the court will grant summary judgment in favor of defendant on plaintiff's federal employment discrimination claims.

(3) **GRANTS** plaintiff thirty days from the date of this order in which to file an amended complaint addressing the diversity issues the court discussed earlier in this opinion. If plaintiff does not file an amended complaint alleging proper diversity jurisdiction or files an amended complaint that does not allege that the court has diversity jurisdiction within 30 days of the date of this order, the court will dismiss this case pursuant to 28 U.S.C. § 1367(c)(3).

**SO ORDERED.**

Date: February 10, 2015

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT