UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ANTHONY PARKER | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:13 CV 420 |
|  | ) |  |
| U.G.N. INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

I. BACKGROUND

Plaintiff Anthony Parker, who is proceeding *pro se*, has filed a complaint against defendant U.G.N. Inc., alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (DE # 1 at 2.) The complaint also alleged a state law claim for the wrongful denial of unemployment benefits. (*Id.*) Defendant moved to dismiss the federal claims as untimely because plaintiff's suit was not filed within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). (DE # 10.) Defendant also moved to dismiss the state law claim for lack of subject-matter jurisdiction and for failure to state a claim. (*Id.*)

The court granted defendant's motion to dismiss in part as to the state law claim. (DE # 20.) However, the court denied the motion to dismiss because the allegations in the complaint itself did not establish the untimeliness of the suit. (*Id.*) Defendant moved to reconsider the partial denial of its motion. (DE # 21.) This was also denied. (DE # 27.)

However, in denying the motion to reconsider, the court, *sua sponte*, moved for summary judgment in defendant's favor. (*Id.*)

The court noted that plaintff's complaint was filed well beyond the 90 days allowed for filing a Title VII or ADEA claim and rejected plaintiff's various arguments for either tolling the statute of limitations or substituting a different statute of limitations period. (*Id.* at 6-10.) The parties were granted 30 days to respond to the court's analysis of why the defendant was entitled to summary judgment on the federal claims. (*Id.* at 13.) *(See Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012) (the court can move for summary judgment, *sua sponte,* if it has "given the affected parties advance notice of [its] intent to do so and a fair opportunity to respond with arguments and evidence")).

In the same order, the court also construed plaintiff's filings as raising a state law claim for wrongful termination pursuant to Indiana Code § 34-11-2-1. (DE # 27 at 10.) The court noted that, should the federal claims survive summary judgment, the court could properly exercise supplemental jurisdiction over this claim as it arose out of the same case or controversy as the federal claims. (*Id.* at 11.) However, if, as anticipated, the federal claims were dismissed, the court noted that it would likely relinquish supplemental jurisdiction over the state law claim unless the plaintiff could establish a separate basis for subject-matter jurisdiction. (*Id.*)

In addition to federal question jurisdiction, plaintiff's original complaint alleged jurisdiction based of diversity of citizenship. (DE # 1-1 at 1.) However, the court noted that "[b]ecause plaintiff has failed to allege defendant's state of incorporation and its

principal place of business, the court cannot determine whether it [would have] diversity jurisdiction over plaintiff's remaining state law claim." (DE # 27 at 12-13.) Therefore, the court ordered plaintiff to file an amended complaint that properly alleged diversity jurisdiction, if such jurisdiction exists. (*Id.* at 13.) In the event that plaintiff could not establish diversity jurisdiction, the court noted that it would dismiss the state law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

In response, plaintiff has filed an "Amended Complaint for Diversity Jurisdiction" (DE #28) and a motion for summary judgment in his favor (DE # 30). Defendant, for its part, filed a motion for summary judgment on the federal claims (DE # 32), a motion to dismiss the amended complaint (DE # 34), and a Rule 56 motion to strike plaintiff's motion for summary judgment (DE # 36). For the following reasons, the court grants its own motion for summary judgment in favor of the defendant on the federal claims and dismisses the state law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## II.   DISCUSSION

### A.   Summary Judgment

Rather than addressing the issue of timeliness, the essence of plaintiff's motion for summary judgment is that he has established his prima facie case and should prevail on the merits of his employment discrimination case. (DE # 31 at 3-5.) Only in his response to defendant's motion for summary judgment does plaintiff address the court's analysis of the timeliness of his federal claims. (DE # 38.) There he cites to the

United States Supreme Court's decision in *Gabelli v. S.E.C.*, 133 S. Ct. 1216 (2013), which addressed the five-year statute of limitations for the enforcement of civil penalties under 28 U.S.C § 2462. (DE # 38 at 1-2.) Plaintiff's suit is not an action for civil penalties so his citation to that case is unavailing.

As the court has already explained, claims under Title VII and ADEA must be brought within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). Plaintiff, himself, has acknowledged that he did not file his complaint within 90-day period. (DE # 16 at 1 ("The 90 days expired for using the right-to-sue letter from [the] EEOC.").) He offers no evidence or argument that allows him to sidestep this requirement. Therefore, for the reasons stated in the court's prior order (DE # 27), summary judgment on the federal claims is granted in defendant's favor.

**B.    Jurisdiction**

Given that the federal claims have been disposed of, the court now turns to the exercise of jurisdiction over the remaining state law claim for wrongful termination. Principles of comity encourage the federal court to relinquish supplemental jurisdiction over state law claims when all of the federal claims are disposed of prior to trial. *See Hansen v. Bd. Of Trs. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 608 (7th Cir 2008). As the court indicated in its prior order, unless plaintiff could allege diversity jurisdiction, the court was inclined to relinquish supplemental jurisdiction over the wrongful termination claim. For the following reasons, the court finds that diversity

4

jurisdiction does not exist and elects to relinquish supplemental jurisdiction over the remaining claim.

In his original complaint, plaintiff alleged that he is a citizen of the state of Indiana (DE # 1-1 at 1) but he failed make any allegations as to defendant's state of incorporation and state of its principal place of business. (*Id.*) Because of this omission, the court noted that it could not determine whether diversity jurisdiction existed and ordered plaintiff to file an amended complaint that properly alleged diversity jurisdiction. (DE # 27 at 12-13.)

In response, plaintiff has filed an amended complaint in which he now alleges that, at the time of filing, he was not a citizen of Indiana, but instead, was a citizen of North Carolina where he was enrolled as a part-time student at Charlotte School of Law. (DE # 28.) In addition to being inconsistent with his original complaint, plaintiff's amended complaint again fails to make any allegations as to defendant's state of incorporation or state of its principal place of business. At last, in plaintiff's response to defendant's motion for summary judgment, he alleges that defendant has a registered agent listed in Merrillville, Indiana and that plaintiff's last place of employment with defendant was located in Valparaiso, Indiana. (DE # 39 at 2.) Here again, he does not expressly allege defendant's state of incorporation and principal place of business.

The Seventh Circuit insists upon "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 616-17 (7th Cir. 2002) (per curiam). Parties asserting federal

jurisdiction must support their allegations of individual and corporate citizenship by "competent proof," meaning "proof to a reasonable probability that jurisdiction exists." *Middle Tennesse News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) (citing *NLFC, Inc. v. Devcom Mid-America Inc.*, 45 F.34 231, 237 (7th Cir. 1995); and *Target Market Publishing, Inc., v. ADVO, Inc.*, 136 F.3d 1139, 1142 (7th Cir. 1998) (quotation marks omitted)).

Based upon the limited information that plaintiff has alleged, the court is unable to find a reasonable probability that jurisdiction exists. Corporations can do business in many states, but they "have *one* principal place of business for purposes of 28 U.S.C. § 1332(c)(1)." *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991) (emphasis in original). Thus, the fact that UGN maintained a place of employment and a registered agent in the state of Indiana does not definitively speak to the issue of its citizenship for purposes of diversity jurisdiction. *See Id.* (holding that an insurance company with sales office in Chicago was not an Illinois citizen, noting: "[t]hat Metropolitan Life does lots of business in Illinois is accordingly irrelevant, so long as the record reveals (as it does) that it's principal place of business is elsewhere"). As the party asserting diversity jurisdiction, plaintiff carries the burden of supporting his allegations. *Middle Tennesee News Co.,* 250 F.3d at 1081. He was afforded ample opportunity but has failed to provide the court with competent proof that jurisdiction exists.

Furthermore, even if the court assumes that defendant is a citizen of the state of Indiana, plaintiff still cannot meet his burden of establishing diversity jurisdiction. Simply put, the court is entirely unpersuaded by plaintiff's recent assertion that he was a citizen of the state of North Carolina at the time he filed his complaint. His original complaint, filed on November 18, 2013, expressly alleges that he is a citizen of the state of Indiana (DE # 1-1 at 1) and lists an address in Indianapolis, Indiana (DE # 1). Parker continues to use this address in each of his filings up until the court raised the issue of diversity jurisdiction on February 10, 2015. (*See* DE ## 2, 5, 7, 13, 15, 16, 18, 23, 24.) It is not until March 5, 2015, that plaintiff files a notice of change of address listing an address in North Carolina (DE # 29) along with his amended complaint (DE # 28). Thus, plaintiff's attempt to recharacterize his residency in North Carolina is significantly undercut by his own pleadings in this case.

For purposes of diversity jurisdiction, "citizenship means domicile and not residence," *America's Best Inns, Inc., v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam), and "domicile is the place where one intends to remain," *Dakuras v. Edwards,* 312 F.3d 256, 258 (7th Cir. 2002). Once established, a domicile continues until it is superseded by a new domicile. *Sadat v. Mertes,* 615 F.2d 1176, 1181 (7th Cir. 1980). In making this determination, "statements of intent are entitled to little weight when in conflict with the facts." *Id.* Though plaintiff may have been living in North Carolina as part-time law student, and asserts that he moved there with the intent to remain indefinitely (DE # 28-1 at 2), his own pleadings make clear that he had

7

not cut ties with his original domicile in Indiana. Thus, even assuming that he properly alleged defendant's citizenship, plaintiff still cannot meet his burden for establishing diversity jurisdiction for the state law claim.

In the absence of another basis for subject-matter jurisdiction, the court is left with the presumption in favor of relinquishing supplemental jurisdiction of the remaining claim. The presumption is rebuttable, "but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Khan v. State Oil Co.,* 93 F.3d 1358, 1366 (7th Cir. 1996). The Seventh Circuit has identified certain circumstances that may displace this presumption, namely : (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided. *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 480 (7th Cir 2012).

In the present case, none of those factors weigh in favor of retaining supplemental jurisdiction over the state law claim. Most importantly, plaintiff is not precluded from refiling this claim in state court, consistent with Indiana's savings statute, Ind. Code § 34–11–8–1, and the tolling provision of 28 U.S.C. § 1367(d). Therefore, the court declines to exercise supplemental jurisdiction over the remaining

state law claim. That claim is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

For the foregoing reasons, the court's *sua sponte* motion for summary judgment in defendant's favor is **GRANTED** as to plaintiff's federal employment discrimination claims. Plaintiff's remaining state law claim for wrongful termination is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

Because no claims are remaining, the Clerk is ordered to **ENTER FINAL JUDGMENT** in this case and terminate any pending motions.

                              **SO ORDERED.**

Date: February 12, 2016

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT